UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60960-CIV-MARRA/WHITE

DAVID ENGWILLIES,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE, ET AL.,

    Defendants

_____/



FILED by ___ D.C.
SEP 1 2 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## FINAL JUDGMENT DISMISSING CASE

This cause is before the Court upon the Report and Recommendation of Magistrate Judge Patrick A. White, dated August 9, 2005. The Court has conducted an independent de novo review of the court file and the matter is now ripe for review.

The Magistrate Judge recommends dismissing this Complaint which seeks monetary damages based an alleged denial of proper medical care. In making his claim, Plaintiff alleges that while he was incarcerated, the medical staff at the facility gave him the wrong medication and that he had a bad allergic reaction. In analyzing the sufficiency of the complaint pursuant to 28 U.S.C. § 1915, the Magistrate Judge found that Plaintiff's "bad allergic reaction" constituted a serious medical need. However, in analyzing whether Plaintiff alleged facts that constituted deliberate indifference, the Magistrate Judge ruled that the allegations relating to Plaintiff receiving incorrect medication and the attempts to treat his allergic reaction were insufficient to rise to the level of deliberate indifference. Instead, the Magistrate Judge found that these

allegations constituted allegations of medical malpractice or negligence. Additionally, the Magistrate Judge stated that Plaintiff's allegation that he was never treated properly was too vague to state a constitutional claim for relief because Plaintiff did not state "what treatment he requested, why he needed treatment, and what injuries he suffered and he does not name any individual defendants who allegedly engaged in deliberate indifference." Report and Recommendation at 6.

On August 19, 2005, Plaintiff filed a request that the Court assist him in obtaining his medical records because he needed these records to make arguments in objection to the Magistrate Judge's report and recommendation.

The Court finds that it is unnecessary to order that Plaintiff be given his medical records for purposes of making objections to the Report and Recommendation. As the Magistrate Judge found, the allegations that Plaintiff received improper medical care constitute allegations of medical malpractice or negligence. Given that Plaintiff claims that he received medical treatment and does not claim that he was denied treatment, the medical records would fail to cure this pleading deficiency. Indeed, those records would fail to show deliberate indifference since they would demonstrate that Plaintiff received medical treatment, albeit allegedly improper treatment. Thus, Plaintiff's request for his medical records is denied.

With that in mind, the Court adopts the Report and Recommendation to the extent that it recommends that the Complaint be dismissed for failing to allege facts that state a claim for deliberate indifference. However, the Court rejects the conclusion that the complaint was too vague to state a claim for constitutional relief. His claim was not vague, but insufficient. Simply put, Plaintiff's claim that he was not treated properly does not constitute deliberate indifference but medical malpractice or negligence. Hence, the claim must be dismissed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The Report and Recommendation is adopted in part and rejected in part.

2) The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

3) Plaintiff's request for his medical records is denied.

4) The Clerk shall **CLOSE** this case.

5) All pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of September 2005.

                                                  KENNETH A. MARRA
                                                  United States District Judge

Copies furnished to:

David Engwilles, pro se